UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ANDREA J. TROLLA, | ) | BK No. 25-05139 |
|     Debtor. | ) | Chapter 7 |
| | ) | Honorable Donald R. Cassling |
| | ) | |
| NIGOHOSIAN & DAHLQUIST, P.C., | ) | |
|     Plaintiff, | ) | |
| vs. | ) | Adversary No. 25-00202 |
| | ) | |
| ANDREA J. TROLLA, | ) | |
|     Defendant. | ) | |

## JOINT PRETRIAL STATEMENT

**1. A brief statement of the theory of each claim and each defense:**

**PLAINTIFF'S THEORY OF THE CASE:**

The Debtor and Plaintiff entered into a professional relationship where the Plaintiff would provide legal services to the Debtor, commencing on March 12, 2020. The Debtor agreed to pay a retainer and continued to pay hourly fees at the rate set forth in Paragraph 3 of the Fee Agreement. Plaintiff continued to represent the Debtor until February 28, 2025, and was granted leave to file a fee petition. At the time Plaintiff withdrew from Debtor's representation, the Debtor had an outstanding balance owed of $22,086.00.

Among the issues that the Plaintiff provided Debtor representation included enforcement of domestic support obligations, modification of support obligations, child custody modifications, and support obligations based upon a modification of custody decisions. Upon Plaintiff's withdrawal from representation of Debtor, Debtor obtained new counsel who filed an appearance on behalf of Debtor. At the time of Plaintiff's withdrawal, Debtor was granted fourteen (14) days to file a response to the fee petition. That response was due on or before March 14, 2025.

That at no time subsequent to the withdrawal of the Plaintiff and the filing of Debtor's bankruptcy petition, was a response filed.

That this matter appeared before the Court in the Circuit Court of DuPage County on April 3, 2025. At that time, Debtor was represented by counsel.

That before the Court, Debtor's counsel represented that neither he nor the Debtor had any objection to the fee petition, nor did they have any challenge, and further that a judgment could be entered against the Debtor.

That Plaintiff commenced the preparation of an agreed order immediately upon return from Court and forwarded the proposed agreed order to Debtor's counsel. At no time did Debtor or her counsel respond.

That Debtor failed to disclose a claim as part of her estate that she filed a Verified Petition for Contribution to Attorney's Fees and Costs from Respondent, Jon M. Trolla, on February 27, 2025, while represented by her new counsel. In Debtor's claim, she sought attorneys' fees owed to Plaintiff in the amount of $22,086.00.

That Debtor filed a sworn statement that legal services were provided totaling 202.2 hours, and representing legal fees of $75,562.50 provided by Plaintiff.

That Debtor further represented that the fees incurred by Plaintiff were reasonably required to adequately represent Debtor's interest in the cause.

**DEFENDANT'S THEORY OF THE CASE:**

Defendant denies all claims of fraud, misrepresentation, false oath, or nondischargeability. Defendant asserts:

1. **The debt is not a domestic support obligation.** The attorney's fees owed to Plaintiff were never designated as support under state law and therefore remain **dischargeable** under §523. The law says a domestic support obligation has to be owed to the "spouse, former spouse, or child of the debtor." The Plaintiff is none of these, therefore his fees are not a domestic support obligation. 11 USC 109(14A)

2. **No fraud or misrepresentation occurred.** Defendant never agreed to an "agreed order" approving fees, denies Plaintiff's factual assertions regarding the April 3, 2025 hearing, and denies any improper conduct.

3. **Bankruptcy schedules were accurate.** The "unknown" value listed for potential third-party contribution was correct because the claim was **contingent, unliquidated, and undetermined** at the time.

4. **Defendant complied with bankruptcy procedures.** Defendant has fully participated in the §341 meeting and disputes Plaintiff's characterization of her disclosures.

5. **Plaintiff failed to state a valid claim under §§ 523(a)(2), 523(a)(5), or 727.** The Complaint lacks specificity, does not allege fraud with particularity under Rule 9(b), and fails to meet the burden required to except a debt from discharge.

2. **A statement of stipulated facts in numbered paragraphs:**

   1. Defendant Andrea J. Trolla retained Plaintiff Nigohosian & Dahlquist, P.C. on March 12, 2020 for legal representation in domestic relations matters.

   2. Plaintiff represented Defendant in the Circuit Court of DuPage County.

   3. Plaintiff later withdrew from representing Defendant.

   4. Plaintiff submitted a fee petition in the state court after withdrawing.

   5. Defendant filed a Chapter 7 bankruptcy petition on April 3, 2025.

   6. Plaintiff filed the present adversary complaint on June 30, 2025.

   7. Defendant appeared at the §341 Meeting of Creditors on May 1, 2025.

   8. Defendant failed to include her claim of over $75,000 in her original Schedule A/B.

3. **A statement in numbered paragraphs setting out the material facts in dispute:**

   1. Debtor denies any allegation of improper conduct regarding an agreed order as there was never an agreed upon order.

   2. Debtor denies that she is seeking a contribution of up to $75,000.00 of fees from a third party that includes $22,086.00 owed to Plaintiff.

   3. Debtor denies that she is improperly seeking a discharge of a non-dischargeable debt.

   4. Whether Plaintiff "diligently and properly" performed all legal services billed.

3

5. Whether Defendant or her attorney agreed to an "agreed order" awarding fees to Plaintiff.

6. Whether the fees constitute a "domestic support obligation" under §523(a)(5).

7. Whether Defendant made any false statement or omission in her bankruptcy Schedules, including Schedule A/B.

8. Whether Defendant intentionally listed her potential third-party contribution recovery as "unknown."

9. Whether Defendant is seeking a "windfall," as alleged by Plaintiff.

10. Whether Defendant stated at the §341 meeting that she intended to pay Plaintiff from a future contribution claim.

11. Whether Defendant's actions support a denial of dischargeability under §§ 523(a)(2) or 727.

4. **Each party's list of witnesses with any objections noted, stating grounds:**

    A. **PLAINTIFF'S WITNESSES**

    1. Andrea Trolla

    2. Brian Nigohosian

    B. **DEFENDANT'S WITNESSES**

    1. Andrea J. Trolla
       Testimony on:
       ○ Attorney-client relationship
       ○ State court fee proceedings
       ○ Communications with Plaintiff
       ○ Bankruptcy filings and disclosures
       ○ Events at the §341 meeting

    2. David Thollander
       Testimony on:
       ○ Whether any statement of agreement regarding attorney's fees occurred
       ○ Communications with Plaintiff's office

    3. Brian Nigohosian
       Testimony on:
       ○ Billing
       ○ Communications

       ○ Fee petition
       ○ Draft "agreed order"

    4. Chapter 7 Trustee
       Testimony on:
       ○ Schedule disclosures
       ○ Instructions at the §341 meeting
       ○ Whether Defendant complied with Trustee requests

**5. Each party's list of exhibits it plans to offer with objections noted, stating grounds:**

    A. **PLAINTIFF'S STIPULATED EXHIBITS:**

1. Fee Agreement dated 3/12/2020.

2. Invoices 3011, 3054, 3116, 3269, 3352, 3440, 3527, 3615, 3661, 3793, 3894, 4002, 4101, 4202, 4317, 4425, 4539, 4643, 4748, 4847, 4927, 5026, 5121, 5214, 5302, 5402, 5490, 5563, 5650, 5739, 5821, 5899, 5982, 6080, 6174, 6263, 6360, 6453, 6552, 6637, 6730, 6815, 6902, 6978, 7056, 7131, 7195, 7263, 7331, 7400, 7477, 7541, 7604, 7677, 7747, 7816, 7886, 7966, 7979.

3. Petition for Indirect Civil Contempt, Attorney's Fees and Costs filed 12/17/2018.

4. Petition to Modify Child Support filed 5/25/2021.

5. Order dated 10/13/2021.

6. Petition for Final Attorney's Fees and Costs filed 2/26/2025.

7. Appearance of David C. Thollander dated 2/27/2025.

8. Order dated 2/28/2025.

9. Report of Proceedings of Hearing on 4/3/2025.

10. Verified Petition for Contribution to Attorney's Fees and Costs from Respondent, Jon M. Trolla filed 2/27/2025.

11. Official Form 101, Voluntary Petition for Individuals Filing for Bankruptcy dated 4/3/2025.

    B. **DEFENDANT'S STIPULATED EXHIBITS:**

1. Amended 106A/B

2. Draft "agreed order" referenced in Complaint ¶9

5

3. Exhibit 1 attached to the Complaint (email and draft order)

4. Exhibit 2 attached to the Complaint (state petition for contribution)

5. Exhibit 3 attached to the Complaint (Defendant's Schedule A/B)

**CERTIFICATION:**

The parties certify that they have conferred and have prepared this Joint Pretrial Statement in accordance with Judge Cassling's Final Pretrial Order.

**Dated:** 12/2/2025

**Plaintiff's Counsel:**

Brian N. Nigohosian
NIGOHOSIAN & DAHLQUIST, P.C.
2150 Manchester Road, Suite 200
Wheaton, IL 60187
(630) 462-0610
office@nd-divorcelaw.com
ARDC No. 6193635


**Defendant:**

Andrea J. Trolla (Pro Se)